No. 826

RIMER v. GRIMM

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5631.  Decided April 20, 1925

211.  CAUSE OF ACTION—Where indebtedness is directed against company without incorporating allegations that when money was paid by company to defendant there was such relationship existing between plaintiff and defendant to form the basis of a cause of action, a good cause of action is not stated.

SULLIVAN, J.

George Grimm brought his action in the Cuyahoga Common Pleas against E. W. Rimer claiming that on or about Dec. 15, 1922 there was due him from the Bingham Co. as commission for the sale of real estate, $343 and that Rimer collected from the Company this sum of money and failed and refused to turn same over to him. A verdict was returned and judgment therein rendered in favor of Grimm.

Error was prosecuted, Rimer claiming that the judgment was against the weight of the evidence and contrary to law. The Court of Appeals held:

1. There is no cause of action stated for the reason that in the face of an unqualified allegation, the indebtedness is against the Bingham Co., instead of Rimer, necessitates the incorporation of other allegations to the effect that the money was paid by the company to Rimer, that there was such relationship between Grimm and Rimer that a legal obligation arose from Grimm to Rimer, sufficient to form the basis of a cause of action.

2. There was no allegation of this description in the amended petition, and therefore it did not conform to the requirements that a quasi-contract must have in order to be the basis for recovery.

3. The only allegation of indebtedness was directed against the Bingham Co. instead of Rimer.

4. As to the purchase of the account by one, Russell from Rimer, the transaction was not of such a nature in the record of the case as to warrant the court in taking the position that by said transaction money became due to Grimm from Rimer, because it did not appear that the Company had anything to do with the transaction, but on the contrary that it was a personal transaction of Russell's.

5. There was prejudicial error in the proceedings and the judgment of the lower court is reversed and cause remanded.

Judgment reversed.

Attorneys—J. R. Kistner for Rimer; Krueger & Pelton for Grimm; all of Cleveland.